# Exhibit A



AMERICAN CIVIL LIBERTIES
UNION FOUNDATION
NATIONAL OFFICE
125 BROAD STREET, 18TH FL.
NEW YORK, NY 10004-2400
T/212.549.2500
WWW.ACLU.ORG

November 13, 2015

By Certified Mail,
Return Receipt Requested

Kimberly N. Epstein
FOIA Officer
Administration for Children and Families (ACF)
7th Floor East, Aerospace Building
370 L'Enfant Promenade, S.W.
Washington, D.C. 20447

Dear Ms. Epstein:

This is a request for production of records under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, and the implementing regulations of the Department of Health and Human Services (HHS), 45 C.F.R. Pt. 5, on behalf of the American Civil Liberties Union (ACLU).

The ACLU seeks documents regarding religious exemptions from Administration for Children and Families (ACF) policies and regulations. ACF has a very broad mandate to promote the economic and social well-being of families, children, individuals, and communities. The public has a right to know whether and to what extent ACF grantees and contractors receive religious exemptions from agency policies and regulations.

The ACLU seeks information about two items in particular. First, ACF recently released interim final regulations to ensure that grantees providing care to unaccompanied, undocumented children (UC) follow federal standards for UC who have been victims of sexual abuse. *See* 79 Fed. Reg. 77768 (Dec. 24, 2014). The regulations provide, among other things, that federal grantees caring for UC who have experienced sexual abuse while in ACF custody must ensure that victims receive "timely and comprehensive information about all lawful pregnancy-related services and timely access to all lawful pregnancy-related services." 45 C.F.R. § 411.93(d). USCCB sent a letter dated February 20, 2015, responding to the request for public comments on the regulations, in which it said that it cannot "help ensure access" to any medical care that is contrary to its religious beliefs, including abortion and emergency contraception for rape victims. Indeed, USCCB objected to even *notifying* the federal government that a teen in its care who has been raped is seeking an abortion or emergency contraception. USCCB asked ORR to "free[] existing and prospective grantees, contractors, subgrantees and subcontractors from any requirement to provide, facilitate the provision of, provide information about, or refer or arrange for items or

1



procedures to which they have a religious or moral objection." Because it is highly unlikely that UC will be able to obtain abortion or emergency contraceptives without the grantee's assistance, USCCB's position effectively means that teens will not be able to obtain necessary reproductive health care and critical information while under USCCB's care. The ACLU seeks to learn more about ACF's communications with USCCB, and other religiously affiliated grantees, on this topic.

Second, a federal district court ruled in 2012 that the Department of Health and Human Services (HHS) violated the Establishment Clause by awarding millions of dollars every year to USCCB for distribution to organizations that provide direct services under the Trafficking Victims Protection Act, and allowing USCCB to impose its religious beliefs on the beneficiaries of the program by prohibiting service providers from using any of the federal funds to provide or refer for contraceptive or abortion services. After that ruling came down, USCCB's contract expired and was not renewed. Recently, however, USCCB announced that it is once again participating in the federal program to provide direct services to trafficking victims. The ACLU seeks information about the terms under which USCCB has been allowed to resume its participation in the Trafficking Victims Protection Act per capita program.

AMERICAN CIVIL LIBERTIES
UNION FOUNDATION
NATIONAL OFFICE
125 BROAD STREET, 18TH FL.
NEW YORK, NY 10004-2400
T/212.549.2500
WWW.ACLU.ORG

## Definitions

For purposes of this request, the term "materials" includes but is not limited to any and all objects, writings, drawings, graphs, charts, tables, electronic or computerized data compilations, budgets, accountings, balance sheets or other financial statements, invoices, receipts, minutes, emails, electronic or computerized documents, photographs, audiotapes, videotapes, transcripts, drafts, correspondence, notes, notes of oral communications, and non-identical copies, including but not limited to copies with notations.

For purposes of this request, the term "ACF entity" means any individual or group of individuals working for ACF and any sub-department, office, board, program, group, agency, bureau, administration, and/or other subdivision within ACF.

## Requests

Please provide the following materials:

1. Any and all materials from September 1, 2014 until present relating to religious exemptions and/or accommodations with respect to ACF

2



AMERICAN CIVIL LIBERTIES
UNION FOUNDATION
NATIONAL OFFICE
125 BROAD STREET, 18TH FL.
NEW YORK, NY 10004-2400
T/212.549.2500
WWW.ACLU.ORG

policies or regulations, including but not limited to:

a. any ACF entity's policies, procedures, manuals, memoranda, guidance to contractors, etc., relating to a religious exemption or religious accommodation;

b. any and all correspondence, electronic mail, notes of telephone calls, etc. from communications between or among ACF, USCCB, Catholic Charities, His House Children's Home, Youth for Tomorrow, and/or any other religiously-affiliated government contractor regarding a religious exemption or religious accommodation;

c. any and all correspondence, electronic mail, notes of telephone calls from communications between or among ACF, any religiously affiliated ACF contractor/grantee, and/or any religiously affiliated ACF subcontractor/subgrantee (including but not limited to USCCB, Catholic Charities, His House Children's Home, and Youth for Tomorrow) about a minor's request for abortion or contraception;

d. any and all documents related to Section 4.9.4 of the ORR Guide: Children Entering the United States Unaccompanied (requiring grantees with religious objections to providing information and access to required services for child victims of sexual abuse to notify ORR and cooperate in implanting a plan to ensure adequate access to required services), including but not limited to the service plans put in place for every objecting grantee;

e. any and all documents and communications – including policies, procedures, manuals, memoranda, guidance to contractors, correspondence, electronic, notes of telephone calls, etc. – related to ACF's Policy on Grants to Faith-Based Organizations;

f. any and all materials related to USCCB's application and final award for Funding Opportunity Number HHS-2015-ACF-ORR-ZV-0976 (Primary CFDA Number 93.598), including but not limited USCCB's application for the grant, materials sent by USCCB or any ACF entity seeking clarification or asking for further information about the grant, the final award, and any materials related to the



AMERICAN CIVIL LIBERTIES
UNION FOUNDATION
NATIONAL OFFICE
125 BROAD STREET, 18TH FL.
NEW YORK, NY 10004-2400
T/212.549.2500
WWW.ACLU.ORG

  implementation of the grant as it pertains to medical care, including abortion or contraception;

 g. complaint(s) submitted by the Inspector General.

We request that you produce responsive materials in their entirety, including all attachments, appendices, enclosures, and/or exhibits. However, to the extent that a response to this request would require ACF to provide multiple copies of identical material, the request is limited so that only one copy of the identical material is requested. Moreover, this request does not seek any personally identifying individual served under an ACF contract.

In the event you determine that materials contain information that falls within the statutory exemptions to mandatory disclosure, we request that such information be reviewed for possible discretionary disclosure. *See Chrysler Corp. v. Brown*, 441 U.S. 281, 293 (1979). We also request that, in accordance with 5 U.S.C. § 552(b), any and all reasonably segregable portions of otherwise exempt materials be produced. To the extent the request is denied, we expect to receive notice in writing, including a description of the information withheld, the reasons for denial, and any exemptions relied upon. *See* 5 C.F.R. § 5.33.

Because we ask that you respond to our request as quickly as possible, and thus do not wish to slow down the agency's response, we do not ask for a fee waiver if the fee pursuant to 5 U.S.C. § 552(a)(4)(A) and 45 C.F.R. § 5.43 associated with this request is less than $500.00.

If, however, the fee exceeds $500.00, we request that the fee be waived pursuant to 45 C.F.R. § 5.45. Under § 5.45, fees should be waived or reduced if disclosure is (1) in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and (2) not primarily in the commercial interest of the requester. 45 C.F.R. § 5.45. Disclosure in this case meets both of these tests; and a fee waiver would fulfill Congress's legislative intent in amending FOIA. *See Judicial Watch, Inc. v. Rossotti*, 326 F.3d 1309, 1312 (D.C. Cir. 2003) ("Congress amended FOIA to ensure that it be 'liberally construed in favor of waivers for noncommercial requesters.'"). Fees should thus be "limited to reasonable standard charges for document duplication." 5 U.S.C. § 552(a)(4)(A)(ii)(II); 45 C.F.R. § 5.41(b).

The HHS regulations provide the following factors to consider in determining whether disclosure is in the public interest: (a) how the records pertain to the operations or activities of the federal government; (b) whether disclosure of the records reveals any meaningful information about

4



government operations or activities; whether one can learn from these records anything that is not already public knowledge; (c) whether the disclosure advances the understanding of the general public as distinguished from a narrow segment of interested persons; and (d) whether the contribution to public understanding will be significant and substantially greater as a result of disclosure. 45 C.F.R. § 5.45(b).

Disclosure pursuant to this request is in the public interest. First, the records pertain directly to the operations and activities of the federal government. Second, the information to be learned from the requested documents is not already public knowledge.

AMERICAN CIVIL LIBERTIES
UNION FOUNDATION
NATIONAL OFFICE
125 BROAD STREET, 18TH FL.
NEW YORK, NY 10004-2400
T/212.549.2500
WWW.ACLU.ORG

Third, because the ACLU qualifies as a "representative of the news media" as defined by FOIA, HHS should find that the information requested is "likely to [be] disseminated to the public." *See* 45 C.F.R. § 5.45(b)(3). The ACLU meets the definition of a representative of the news media because it is "an entity that gathers information of potential interest to a segment of the public, uses its editorial skills to turn raw materials into a distinct work, and distributes that work to an audience." *National Sec. Archive v. Department of Def.*, 880 F.2d 1381, 1387 (D.C. Cir. 1989). *See also* 45 C.F.R. § 5.5 (defining representative of the media as a "publisher[] of periodicals" that "distribute[s]" its "products to the general public" and an entity that "disseminate[s] news through other media (e.g., electronic dissemination of text)"). The ACLU regularly gathers information on issues of public significance; uses its editorial skills to turn that information into distinct publications such as reports, newsletters, right-to-know pamphlets, fact sheets, and other educational materials; and distributes those materials to the general public through various channels, such as its heavily subscribed Web site (www.aclu.org), and newsletter sent to its more than 400,000 members, as well as an electronic newsletter, which is distributed to subscribers by e-mail. The ACLU is therefore a "news media entity." *Cf. Electronic Privacy Information Ctr. v. Department of Defense*, 241 F.Supp.2d 5, 10–15 (D.D.C. 2003) (finding non-profit public interest group that disseminated an electronic newsletter and published books was a "representative of the media" for purposes of FOIA).

Fourth, allowing fee waivers is in the public interest: Disclosure will contribute to the public good in a significant way because the requested records, which are all materials related to religious exemptions from ACF policies and regulations, concern the operations of a federal agency. "[W]hat could be more important to the public's understanding of [agency] operations" than understanding whether and to what extent the agency affords religious exemptions from its policies and regulations? *Judicial Watch*, 326 F.3d at 1313.



AMERICAN CIVIL LIBERTIES
UNION FOUNDATION
NATIONAL OFFICE
125 BROAD STREET, 18TH FL.
NEW YORK, NY 10004-2400
T/212.549.2500
WWW.ACLU.ORG

Finally, disclosure is not in the ACLU's commercial interest, defined as "interests relating to business, trade and profit." 45 C.F.R. 5.45(c)(1). The ACLU is a "non-profit, non-partisan, public interest organization." *See Judicial Watch*, 326 F.3d at 1310. The ACLU has no intention of applying for any of the funding mentioned in this request. Additionally, the purpose of the request is to monitor and vindicate legal rights; it is unrelated to business, trade, or profit.

Because the ACLU meets the test for a fee waiver, fees associated with responding to FOIA requests are regularly waived for the ACLU.

Disclosure of the requested documents is in the public interest and not primarily in the commercial interest of the Requester, and if the fee exceeds $500.00, it should therefore be waived. In the event that you decide not to waive the fees if over $500.00, please provide me with prior notice so that we can discuss arrangements.

We look forward to a determination on this request from you within 10 (ten) working days, pursuant to 45 C.F.R. § 5.35. Thank you for your prompt attention to this request. Please call me at (212) 549-2604 if you have any questions or wish to obtain further information about the nature of the documents in which we are interested. The records should be sent to Brian Hauss, ACLU Foundation, 125 Broad Street, 18th Floor, New York, NY 10004.

Sincerely,

Brian Hauss

6