

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

May 16, 2016

[FILED stamp: 5/17/16]

BY EMAIL
Hon. Jed S. Rakoff
United States District Judge
United States District Court
500 Pearl Street
New York, New York 10007
RakoffNYSDChambers@nysd.uscourts.gov

ORDER ENDORSED

    Re: *ACLU v. Admin. for Children & Families*, 16 Civ. 1987 (JSR)

Dear Judge Rakoff:

    I write respectfully on behalf of both parties pursuant to the Court's order issued at the conference held on April 8, 2016, to provide a status update to the Court regarding productions of documents in this FOIA case and to propose further deadlines.

    On March 18, March 25, April 29, and May 9, 2016, the Department of Health & Human Services, Administration for Children and Families ("ACF") produced responsive records to the ACLU; these productions totaled approximately 600 pages of records. The Court's order of April 8 provided that ACF was to process and to either produce or withhold 1000 pages of responsive records by May 9, 2016. The agency attempted in good faith to comply with this deadline, but regrettably was unable to fully comply due to a misunderstanding on the part of the agency's FOIA personnel as to the scope of Plaintiff's FOIA request. Specifically, in the days leading up to the May 9 deadline, and in an effort to meet the 1000-page threshold, agency FOIA personnel rushed to process several hundred pages of records that the FOIA personnel initially believed fell within the scope of Plaintiff's FOIA request, including over 400 pages of emails and attachments. Had all of those records been responsive to Plaintiff's FOIA request, the agency would have met the deadline to produce or withhold 1000 pages of responsive records by May 9. Upon review of the documents by counsel, however, shortly before the documents were to be produced to Plaintiff, it was determined that the vast majority of the records consisting of emails and attachments were not in fact responsive to Plaintiff's FOIA request. By the time this non-responsiveness determination was made, there was insufficient time to identify and process an equivalent number of responsive pages by May 9.

    Since May 9, agency personnel (together with counsel) have worked diligently to clarify the scope of documents responsive to the FOIA request and to revise the agency's initial searches to exclude non-responsive documents to the greatest extent possible. Based on these revised searches, the agency estimates that there are approximately 1800-2000 pages of responsive

records yet to be processed (although it is possible that, upon closer review, some of these records will be determined to be non-responsive).

Although the Plaintiff is disappointed that the deadlines in original production schedule were not fulfilled, based on the circumstances described above, the parties have agreed to a proposed revised production schedule, pursuant to which all processing and production or withholding of responsive records will be completed by July 11, 2016. Specifically, the parties propose that the agency process and produce (or notify Plaintiff of its decision to withhold) the remaining responsive records on a rolling basis, with the following deadlines:

May 25, 2016 – 400 pages.

June 9, 2016 – 600 additional pages.

June 21, 2016 – A minimum of 200 additional pages.

June 30, 2016 – A minimum of 200 additional pages.

July 11, 2016 – All remaining responsive pages.

The parties propose that they shall submit a status report on July 18, 2016, which will address whether a draft Vaughn index is needed, and whether the parties anticipate needing to file summary judgment motions, and, if so, deadlines for such motions. Although the parties previously proposed, and the Court ordered, that the parties would inform the Court by today whether a summary judgment briefing schedule would be necessary, the ACLU has determined that until it reviews further productions, it will not be able to assess whether motion practice is necessary in this case. If summary judgment motions are not needed, the proposed July 18, 2016, status report will address a deadline for a motion for attorneys' fees. Thank you for your consideration of this matter.

Respectfully,

PREET BHARARA
United States Attorney for the
Southern District of New York
*Attorney for Defendant*

by: /s/ Elizabeth Tulis
ELIZABETH TULIS
Assistant United States Attorney
(212) 637-2725
elizabeth.tulis@usdoj.gov

cc: Brigitte Amiri
Brian Hauss
*Attorneys for Plaintiff*

SO ORDERED, but no further extensions.

/s/ JSDJ

5-16-16